HARDY, Judge.
This is an action by plaintiffs, residents of Tensas Parish, seeking the cancellation of a contract of employment between plaintiffs and the defendant, an attorney at law residing in the Parish of Orleans. Defendant interposed an exception to the jurisdiction ratione personae of the Sixth Judicial District Court in and for the Parish of Tensas. From a judgment sustaining the exception the plaintiffs have appealed.
The plea to the jurisdiction is predicated upon the provisions of Article 162 of the Code of Practice which requires that one must be sued before the judge having jurisdiction over the place where he has his domicile or residence. There is no dispute in the instant case as to the fact that defendant is a resident of Orleans Parish.
Learned counsel for plaintiffs insistently contends that the contract which is herein sought to be annulled contains a conveyance of an interest in minerals in real property situated in Tensas Parish and, as a consequence, the suit must be classified as a real action which may be instituted before the court having jurisdiction over the property. In support of this contention counsel has cited numerous cases which are authority for the propositions (1) that a right in minerals constitutes a real right, *335 and (2) that actions involving revindication, or other measures of relief, may be prosecuted before the court having jurisdiction over the real property affected.
We conceded the correctness of the principles asserted and the validity of the authorities cited in support thereof, but we do not consider these questions as being pertinent to the issue which is here tendered.
By a long and unbroken chain of firm pronouncements, beginning not later than the year 1840 in the case of Kemper’s Heirs v. Hulick, 16 La. 44, and continuing to date, our courts have overwhelmingly asserted the principle that the character of an action is determined by the prayer of the petition rather than by the allegations thereof or by the name ascribed to such action by the parties thereto.
Upon the basis of this firmly established principle it is obvious that a determination of the nature of this action, that is, whether it is personal or real, must be predicated upon the prayer for relief as set forth in plaintiff’s petition. Reference to the prayer discloses that plaintiffs seek: (a) termination and revocation of the contract of employment with defendant; (b) damages; (c) establishment of fees due for services rendered by the defendant up to date of suit; and (d) delivery of the contract of employment to plaintiffs and a declaration that the same is rescinded and decreed to be null, void and of no effect.
The prayer of the petition seeks no relief with respect to real property or rights therein, and we think it is abundantly clear that this action must be classified under the definition of personal actions established by Article 3 of the Code of Practice as distinguished from real actions defined in Article 4.
Neither do we find any justification for the classification of this action under any of the exceptions to the general rule as to jurisdiction provided in Article 162, which exceptions are enumerated in Articles 164 and 165 of the Code of Practice.
In our opinion the specific character of plaintiffs’ suit must be denominated as a personal action arising from a contract, as defined by Article 29 of the Code of Practice.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.