SANDERS, Justice.
This Court granted certiorari to review a judgment of the Court of Appeal (107 So.2d 334) maintaining an exception to the jurisdiction ratione personae of the Sixth *156 Judicial District Court for the Parish of Tensas.
The plaintiffs brought suit seeking the cancellation of a contract of employment between them and the defendant, Samuel J. Tennant, Jr., an attorney at law residing in the Parish of Orleans. It is alleged in the petition that the contract affects a mineral interest in property situated in Ten-sas Parish. The exception to the jurisdiction is grounded on the averment that the suit is one to cancel and annul a contract for legal services combined with a claim for damages, a personal action, of which only the court of defendant’s domicile has jurisdiction.
The prayer of the relators’ petition seeks judgment: (a) terminating the contract of employment; (b) awarding “damages for attempting to continue as Attorney of Record after the revocation of his mandate” in the sum of $500; (c) fixing the fee for defendant’s services in the sum of $300; and (d) rescinding and annulling the contract and ordering it delivered to the plaintiffs.
The contract purports to convey a one-half interest in the mineral rights of certain land situated in Tensas Parish to the defendant, Samuel J. Tennant, Jr., for the recited consideration of services rendered and to be rendered. The petition contains no special prayer for revendication of the mineral interest eo nomine. However, the relators assert that the prayer to rescind and annul the contract (which conveys the mineral interest) is sufficient to make of this proceeding a real action maintainable in the parish where the immovable property is located under Articles 163 and 165 (8) of the Louisiana Code of Practice of 1870. We find it unnecessary to pass upon this point. By motion filed during the pen-dency of this proceeding, it is disclosed that the original defendant, Samuel J. Tennant, Jr., departed this life on April 3, 1960. Accordingly, his testamentary executrix was substituted as respondent herein. The present respondent concedes in brief filed in this Court that the death of Samuel J. Tennant, Jr. terminated the contract of employment, or mandate, under LSA-C.C. Article 3027. This being true, that portion of the suit is now moot. State v. Hayes, 199 La. 269, 5 So.2d 768; Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Jefferson 7th Ward Social Club v. Grevemberg, 225 La. 607, 73 So.2d 777; State v. Melerine, 238 La. 847, 116 So.2d 689; Spinato v. Lowe, 239 La. 604, 119 So.2d 480. The residual issues of damages and attorney’s fees bear no semblance to a real action. It necessarily follows that the exception to the jurisdiction ratione personae is well founded.
For the reasons assigned, the judgment of the Court of Appeal is affirmed at the cost of relators.