CULPEPPER, Judge.
Mr. Tom M. Fletcher filed a petition for judicial commitment of his sister, Mrs. Ruby Marie Fletcher, under LSA-R.S. 28:53. The attorney appointed to represent Mrs. Fletcher filed an answer, generally denying that she was suffering from a mental illness. The answer further alleged that Mrs. Fletcher was then being detained in Central Louisiana State Hospital under a coroner’s commitment which was invalid because the provisions of LSA-R.S. 28:52 were not complied with, and further because that statute is unconstitutional.
In addition to her answer, Mrs. Fletcher filed a petition for a writ of habeas corpus, alleging that she was being illegally detained in Central Louisiana State Hospital because the statutory requirements for the coroner’s commitment (R.S. 28:52) were not complied with, and because that statute is unconstitutional.
*573 A hearing was held on the petition for judicial commitment and on Mrs. Fletcher’s petition for a writ of habeas corpus. The district judge ordered Mrs. Fletcher judicially committed to Central Louisiana State Hospital until further orders of the court. Mrs. Fletcher’s petition for writ of habeas corpus was denied on the grounds that any issues raised by the petition for habeas corpus as to procedural or constitutional deficiencies in the coroner’s commitment became moot after she was ordered detained under the judicial commitment. Mrs. Fletcher appealed.
The substantial issues are: (1) Is the judicial commitment under R.S. 28:53 valid? (2) If the judicial commitment is valid, are the issues raised as to the coroner’s commitment now moot ?
The record shows that on May 11, 1973 Mrs. Fletcher was admitted to Central Louisiana State Hospital under what purported to be a “Coroner’s Order For Treatment Of Mental Illness.” It was obtained from the coroner of Grant Parish on application of Mr. Thomas M. Fletcher, brother of Mrs. Fletcher. The hospital records show that she had several previous admissions and her diagnosis was “schizophrenia, chronic undifferentiated type.” The summary of the examining physicians states that Mrs. Fletcher is a 59 year old female who became actively psychotic after she ceased taking her medicine. The treatment plan initiated consisted of drugs and close supervision, followed by routine discharge when stable.
It is conceded by the State that following admission to the hospital on May 11, 1973 the procedural requirements of R.S. 28:52 were not complied with. Mrs. Fletcher complains particularly that the original coroner’s order was not actually signed by the coroner, that within 48 hours of her commitment the examining physicians at Central Louisiana State Hospital did not forward to the coroner written medical reports recommending long-term treatment, nor did the coroner sign within 72 hours a confinement order for a 60-day period of treatment. She complains also that she was incarcerated in the hospital for a period of 49 days without counsel and without a hearing. Counsel was appointed to represent her when the petition for judicial commitment was filed on June 29, 1973.
At the hearing for judicial commitment, which was held on July 9, 1973, certified copies of Mrs. Fletcher’s medical treatment records at Central Louisiana State Hospital were properly admitted in evidence under LSA-R.S. 13:3714. The certificates of two physicians required by R.S. 28:53, subd. A certifying that Mrs. Fletcher is suffering from a mental illness which causes her to be dangerous to herself or others, and/or to be incapable of caring for herself is attached to the petition for commitment. As stated above, the diagnosis is schizophrenia, chronic undifferentiated type. The treatment prescribed is drugs and close supervision and the records of such treatment were filed.
Mrs. Fletcher makes no contention that the requirements for judicial commitment under R.S. 28:53 were not complied with. And we find no deficiency in these proceedings.
Having concluded that the judicial commitment is valid, the next issue is whether the application for a writ of ha-beas corpus is now moot. In the recent case of State v. Ward, 259 La. 317, 249 So.2d 921 (1971) the court stated:
“The courts will not rule on questions of law which become moot, since their decree will serve no useful purpose and can give no practical relief. Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960) ; State v. Melerine, 238 La. 847, 116 So.2d 689 (1960).”
In the present case, the issues raised in the application for habeas corpus, relating to the coroner’s commitment under R.S. 28:52, have now become moot. Regardless of whether the statute is unconstitutional or whether the requirements of the statute *574 were met, Mrs. Fletcher is now lawfully detained in Central Louisiana State Hospital under a valid judicial commitment. No useful purpose would be served and no practical relief can be given to Mrs. Fletcher by holding the coroner’s commitment invalid. Even if it is invalid, Mrs. Fletcher cannot be released because she is now detained under a judicial commitment which is valid. The only relief she seeks is to be released from the hospital and that cannot now be done.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
Affirmed.