764 So.2d 41 (2000)
Alan CACAMO, Individually, and on Behalf of All Others Similarly Situated
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY.
Edith Porobil, Individually and on Behalf of All Others Similarly Situated
v.
Allstate Insurance Company.
Monique Poirrier, Individually and on Behalf of All Others Similarly Situated
v.
Progressive Security Insurance Company.
Nos. 99-C-3479, 99-C-3480 and 99-C-3481.
Supreme Court of Louisiana.
June 30, 2000.
*42 Stanley Paul Baudin, Plaquemine, Paul H. Due, Andre Phillip LaPlace, Baton Rouge, Patrick W. Pendley, Plaquemine, Donald Wayne Price, Baton Rouge, Counsel for Applicants.
James Wendell Clark, E'Vinski Lamarr Davis, Adams & Reese; Allen Dale Darden, Jeff Leonard, Mark Hanover, Clinton Ryan Stuart, Phelps Dunbar, Brent Joseph Bourgeois, Carlton Jones, III, Larry Michael Roedel, Roedel, Parsons, Hill & Koch, Baton Rouge, Counsel for Respondents.
Jennifer Elizabeth Ancona, Thomas Alcade Casey, Jr., New Orleans, Bryan Cave, Charles Newman, Peter Herzog, David G. Radlauer, New Orleans, Lee A. Schutzman, Washington, DC, Counsel for amici curiae Daimler Chrysler Corp., and General Motors Corporation.
MARCUS, Justice.[*]
Alan Cacamo, Edith Porobil and Monique Poirrier each filed a class action lawsuit against Liberty Mutual Fire Insurance Company (Liberty Mutual), Allstate *43 Insurance Company (Allstate) and Progressive Security Insurance Company (Progressive) respectively, asserting that defendants required policy holders to pay fees, installment charges, and other consideration in addition to the regular monthly premiums called for by their policies, all in violation of La. R.S. 22:627. The suits, filed in Orleans Parish, claimed that these fees were not disclosed at the time of purchase of the policies. The class plaintiffs sought damages, declaratory relief, and reimbursement for the charges allegedly assessed in contravention of La. R.S. 22:627. The three class action suits were consolidated in the trial court.
Each of the three insurers filed exceptions of improper venue. Liberty Mutual and Allstate claimed that they were foreign insurers subject to suit only in East Baton Rouge Parish pursuant to La.Code Civ. P. art. 42(7). Progressive, a domestic insurer, filed a similar exception, asserting that it could be sued only in Jefferson Parish where its registered office is located. La.Code Civ. P. art. 42(2). The trial judge overruled the exceptions of improper venue. Defendants appealed. The court of appeal reversed the judgment of the trial court, concluding that the proper venue for plaintiffs' class actions is controlled by the language of the Direct Action Statute, La. R.S. 22:655.[1] The court of appeal further concluded that under the specific language of the Direct Action Statute, plaintiffs are limited to the venue choices set forth in La.Code Civ. P. art. 42 only.[2] We granted certiorari to review the correctness of that decision.[3]
The sole issue presented for our review is whether class action plaintiffs involved in suits asserting contract claims against their own insurers are limited to the specific venue choices in La.Code Civ. P. art. 42, or whether they can take advantage of supplementary venue articles found elsewhere in the Code of Civil Procedure and otherwise provided by law.
At the outset we reject the conclusion of the court of appeal that plaintiffs' venue choices in this case are controlled by the Direct Action Statute. Plaintiffs assert first-party claims against defendants with whom they are in direct contractual privity. The Direct Action Statute is designed to grant a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. Descant v. Adm'rs of Tulane Educ. Fund, 93-3098 (La.7/5/94), 639 So.2d 246. It was enacted to give special rights to tort victims, not to insureds with contract claims against a defendant. Arrow Trucking Co. v. Continental Ins. Co., 465 So.2d 691 (La.1985). In this case, plaintiffs do not purport to file their claims under the Direct Action Statute and have no need to do so. The language in the Direct Action Statute cannot limit the venue choices otherwise available to them. The court of appeal erred in holding otherwise.
The claims made by plaintiffs in this case are class action claims. The appropriate venue for such claims is set forth in La.Code Civ. P. art. 593, which provides in pertinent part:
A. An action brought on behalf of a class shall be brought in a parish of proper venue as to the defendant [emphasis added].
Any appropriate venue under article 593 will be a proper venue in these consolidated cases.
The Code of Civil Procedure dictates the rules of construction for its procedural provisions. La.Code Civ. P. art. 5052 provides that when the language of an article *44 is clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit. La.Code Civ. P. art. 5053 further instructs us that words and phrases are to be read in their context and are to be construed according to the common and approved usage of the language employed.
We have consistently held that the starting point in interpreting any statute is the language of the statute itself. Theriot v. Midland Risk Ins., Co., 95-2895 (La.5/20/97), 694 So.2d 184; Touchard v. Williams, 617 So.2d 885 (La.1993). Where a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of legislative intent. La. Civ.Code art. 9; New Orleans Rosenbush Claims Serv., Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538; Moore v. Gencorp, Inc., 93-0814 (La.3/22/94), 633 So.2d 1268. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081.
Following the rules of construction in the Code of Civil Procedure, we find the directive that class plaintiffs must file suit in a "proper venue as to the defendant" to be clear and unambiguous. "Proper venue" means the parish where an action or proceeding may be brought under the rules regulating that subject. La.Code Civ. P. art. 41. "The defendant" is the person defending or denying; it is the party against whom relief or recovery is sought in an action or suit. Black's Law Dictionary 507 (4th ed.1951).
The general rules for "proper venue as to the defendant" are found in La.Code Civ. P. art. 42, which sets forth the appropriate venue for actions against parties to a proceeding. Under La.Code Civ. P. art. 42(2), a suit against a domestic insurer such as Progressive must be brought in the parish where its registered office is located, in this case Jefferson Parish. Suits against foreign insurers, such as defendants Liberty Mutual and Allstate, must be brought in the Parish of East Baton Rouge. La.Code Civ. P. art. 42(7). However, La.Code Civ. P. art. 43 further provides that the general venue rules in article 42 are subject to the exceptions contained in La.Code Civ. P. arts. 71-85 and as otherwise provided by law. In Kellis v. Farber, 523 So.2d 843 (La. 1988), we held that the plain meaning of art. 43 is that venues permitted in articles 71-85 and otherwise permitted by law may be used to supplement the general venue provisions of article 42 whenever venue under article 42 is appropriate. Our decision in Kellis as to the meaning of La.Code Civ. P. arts. 42 and 43 is controlling here. It has not been overruled. Accordingly, plaintiffs may choose any venue available under La.Code Civ. P. art. 42 or any other supplementary venue provided by law that fits the particular circumstances of their claims. We find nothing in the language of La.Code Civ. P. art. 593 to suggest a different result.
Among the supplemental venue provisions that enlarge upon the general venue choices set forth in article 42 are the venues permitted under articles 76 and 76.1. La.Code Civ. P. art. 76 provides that an action on an insurance policy may be brought where the loss occurred or where the insured is domiciled. Article 76.1 further provides that an action on a contract may be brought in the parish where the contract was executed or where the work or service was performed or was to be performed. These supplementary venue provisions reflect the policy decision of the legislature that it is fair to sue a corporate defendant who is in the business of selling insurance policies or who otherwise enters into contracts with an aggrieved plaintiff in a venue other than the defendant's home base.
Plaintiffs argue that their actions fit within the venue provisions of article 76 and/or article 76.1 and that they can avail themselves of these supplementary venue *45 options for their class action claims. Orleans Parish is both the parish of plaintiffs' domicile and the parish where the contracts were executed. Plaintiffs negotiated for the purchase of insurance and their policies provided for a stated premium rate. Plaintiffs allege that defendants, without their agreement, tacked on additional charges to the policies that were not disclosed to them in advance of contracting. In essence, plaintiffs claim the insurers did not live up to the agreements made and attempted to enforce a different price for the product delivered.[4] Plaintiffs' petitions charge breach of insurance contracts, in addition to charging breach of statutory rules and requesting reimbursement for payments made that allegedly were not due (quasi-contractual claims). Plaintiffs' allegations, taken as true for purposes of determining a proper venue, bring them within the ambit of article 76. The nature of a claim is determined by the pleadings in the case. Jefferson v. Tennant, 107 So.2d 334 (La.App. 2nd Cir.1958) aff'd., 240 La. 1079, 127 So.2d 155 (1961). Article 76 is an extension of article 42; it need not be strictly construed. Rather, it is a part and parcel of the general venue rules set forth in article 42. Jordan v. Central Louisiana Elec. Co. Inc., 95-1270 (La.6/23/95), 656 So.2d 988. Accordingly, Orleans Parish is a parish of proper venue as to each of these defendants under article 76. Having reached this conclusion, we need not determine whether article 76.1 provides additional permissible venue choices under the facts of this case.
Article 593, construed in accordance with the ordinary use of the words employed, neither leads to absurd results nor offends public policy. Defendants are amenable to suit only under the venue provisions of La.Code Civ. P. art. 42, unless they fall within the embrace of supplementary provisions created by the legislature for specific cases.
In an effort to defeat venue in Orleans Parish, defendants argue that La.Code Civ. P. art. 593 is ambiguous and ask us to interpret that article to restrict plaintiffs' choices of venue in keeping with what they claim to have been the intent of the 1989 legislature when it passed Act 117, which amended several venue provisions including the class action venue provisions contained in article 593.[5] Defendants argue that Act 117 of the 1989 legislature was an attempt to legislatively overrule the effect of our decision in Kellis. As we have already indicated, we believe the language of La.Code Civ. P. art. 593 is clear on its face. Thus, it is inappropriate for us to search for legislative intent in order to vary the plain meaning of the article and we will not do so. We note, however, that even when the legislative history of the amendment to article 593 is consulted, defendants' conclusion about the intent of the legislature is speculative at best.
In 1989, the Louisiana Law Institute proposed changes to La.Code Civ. P. arts. 73, 77 and the Direct Action Statute to provide that venue would be appropriate under "Article 42 only." The proposed change, embodied in the originally filed version of Senate Bill 213, added the word "only" after the already existing references to "article 42" in the provisions in question. We agree that the inclusion of that single word was an attempt by the drafters of Senate Bill 213 to limit the operation of our holding in Kellis, with respect to those provisions to be changed, so that article 42 would no longer be read to automatically incorporate supplementary venue provisions as stipulated in La.Code Civ. P. art. 43. However, the originally filed and published version *46 of Senate Bill 213 made no proposal whatsoever for a revision of the class action venue provisions in article 593, which controls this case.
Sometime between the filing of the original bill and hearings before the Senate Committee on the Judiciary A, a set of handwritten amendments was apparently prepared that included an amendment to article 593 restricting class action venue to "Article 42 only." The addition of the word "only" was also proposed for articles 2416, 2633 and 4653.[6] It does not appear that the new proposed amendments to Senate Bill 213, which made changes to articles 593, 2416, 2633 and 4653, were the product of study and deliberation by the Louisiana Law Institute. Nevertheless, the Committee adopted the proposed changes to expand the scope of Senate Bill 213.
A representative of the President of the Louisiana Trial Lawyers' Association was present at the hearings. After the Committee voted to adopt the expanded version of Senate Bill 213, he rose to oppose the Bill in its entirety.[7] He particularly expressed concern about the proposed amendment to article 73, which defines venue for actions against joint and solidary obligors. He noted his view that the proposed amendment was too restrictive and might limit the use of the supplementary venue provisions that permit an insured to sue his UM insurer in his parish of domicile (La.Code Civ. P. art. 76) and that the Bill might also restrict use of the venue provisions of the Long Arm Statute. He suggested a further change to Senate Bill 213 to enlarge the permitted venues under article 73 to also include the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a "parish of proper venue against any defendant under either Article 76 or La. R.S. 13:3201." He then indicated a similar concern that article 593, as it already existed, could be interpreted to exclude a venue choice under the Long Arm Statute. He expressed his view that the addition of language reciting "Article 42 only" would be even more onerous. He requested that all reference to Article 42 be omitted from article 593. These changes to Senate Bill 213 were also adopted by the Committee.
Senate Bill 213, as finally presented to the legislature, was clearly a compromise between a more restrictive version and a less restrictive version supported by the Louisiana Trial Lawyers' Association. It proposed changes to five articles of the Code of Civil Procedure and to the Direct Action Statute. In five of the six instances of change, the Bill added language to specify that venue would be proper under "Article 42 only", and in some cases also under other specific venue provisions. In contrast, the final proposed amendment to article 593 did not incorporate the earlier suggested "Article 42 only" language and further deleted all reference to Article 42. It left article 593 with only the general directive that venue must be "proper as to the defendant."
After reviewing the legislative history of Senate Bill 213 and the language used in the total package of changes eventually adopted by the legislature as Act 117, we do not believe that defendants' arguments *47 about the intent of the legislature as to article 593 are well-founded. Defendants take the position that the deletion of reference to article 42 was meant to insure the additional availability of the venues permitted under the Long Arm Statute. However, a reading of the entirety of Act 117 demonstrates that the legislature well knew how to insure the availability of Long Arm Statute venue by specifically adding it as a permitted supplementary venue provision, as was done in the case of article 73. While a different view might arguably have been held by the representative of the Louisiana Law Institute who discussed the Bill in the Senate Judiciary Committee Hearings, we cannot conclude that comments made by a non-legislator during one committee hearing are persuasive evidence of the intent of the legislature as a whole, particularly when the language of the provision in question appears clear on its face and is markedly different from language adopted for other venue provisions at the same time. If the legislature did intend the result defendants suggest as to article 593, it did not accomplish it.[8]
Accordingly, because we find that La. Code Civ. P. art. 593 is clear on its face and permits the use of supplementary provisions pursuant to La.Code Civ. P. art. 43, we must reverse the decision of the court of appeal.

DECREE
For the foregoing reasons, the judgement of the court of appeal is reversed. The judgment of the trial court denying the exceptions of venue is reinstated. The matter is remanded to the trial court for further proceedings consistent with this opinion. All costs are assessed against defendants.
NOTES
[*] Calogero, C.J., not on panel. Rule IV, Part 2, § 3.
[1] 99-0047 c/w 99-0048 c/w 99-0049 (La.App. 4th Cir. 11/10/99), 746 So.2d 793.
[2] Originally, a three judge panel of the Fourth Circuit voted to reverse the trial judge, with one judge dissenting. The matter was reargued before a five judge panel with the same result, but with two judges dissenting.
[3] 99-3479 c/w 99-3480 c/w 99-3481 (La.2/25/00), 755 So.2d 243, 244.
[4] We express no view on the merits of the claims set forth in plaintiffs' petitions.
[5] Prior to the passage of La. Acts 1989, No. 117, La.Code Civ. P. art. 593 provided in pertinent part:

All other class actions to enforce a right of all members of the class shall be brought in a parish of proper venue as to the defendant....
Proper venue as used in this article means the venue provided in article 42.
[6] See Minutes of the Senate Judiciary Committee A, May 9, 1989. Article 2416, which provided for venue in a garnishment procedure under a writ of fieri facias under Article 42 was changed to include the phrase "under Article 42 only or Article 77." The single word "only" was added to the reference to article 42 in article 2633 which sets forth appropriate venue for an executory proceeding to enforce a mortgage or privilege. The single word "only" was added to the reference to article 42 in La.Code Civ. P. art. 4653, which specifies the proper venue for a concursus proceeding. See Senate Bill 213, Engrossed Version. Professor Howard W. L'Enfant, Jr., Coordinator and Reporter for the Louisiana Law Institute, explained the intent of Senate Bill 213 as it was drafted up to that point.
[7] The President of the Louisiana Trial Lawyers' Association at that time was Jerry McKernan. Past president, Paul Due, appeared in his stead before the Committee.
[8] We reject defendants' contention that our interpretation of article 593 renders the whole article mere surplusage because the legislature need not have spoken to venue at all if the general venue rules apply. A class action is a special species of action. The legislature may well have deemed it appropriate to confirm that the general rules of venue do apply to this kind of action. Moreover, Article 593 is not the only instance in which the legislature has confirmed that general venue rules apply to a particular species of action. See La.Code Civ. P. art. 2416.