780 So.2d 501 (2001)
Mary LABORDE and Elizabeth Laborde
v.
AMERICAN NATIONAL PROPERTY & CASUALTY COMPANIES, et al.
No. 00 01091-CA.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
Writ Denied April 27, 2001.
*502 Bennett Boyd Anderson Jr., Anderson and Boussard, Lafayette, LA, Counsel for Mary Laborde, Elizabeth Laborde.
Arthur Howell Andrews, Pamela Gladys Seeber, Funderburk & Andrews, Baton Rouge, LA, Counsel for Silvano Amenta, American National Property & Casualty Companies.
Matthew Joseph Hill Jr., Kenny Layne Oliver, Rowe, Bares & Oliver, James Thomas McManus, Mary Katherine Paine, Lafayette, LA, Counsel for State Farm Mutual Automobile Insurance Company.
A. Gretchen Heider, John E. Ortego & Assoc., Lafayette, LA, Counsel for State Farm Mutual Automobile Insurance Company, Charla V. Logan.
Court composed of YELVERTON, DECUIR, and AMY, Judges.
YELVERTON, J.
This personal injury suit involves multiple accidents that occurred on different dates and involves the same plaintiffs but different defendants. The plaintiffs and one set of defendants appeal. The issues presented on appeal are whether the trial court erred in granting an exception of improper cumulation of actions and denying an exception of improper venue.

STATEMENT OF FACTS
On May 8, 1998, Plaintiffs' vehicle, a 1996 Chrysler, was in an accident with a car driven by Defendant, Silvano Amenta. Mary Laborde was the driver, while her daughter Elizabeth Laborde, was a passenger. This accident took place in Jefferson Parish. American National Property and Casualty Company (ANPCC) was Mr. Amenta's liability insurer at the time of the accident and State Farm Mutual Automobile Insurance Company (State Farm) was Mary's uninsured and/or underinsured motorist carrier (UM carrier). Both Mary and Elizabeth are residents of Lafayette Parish, ANPCC is a foreign insurer licensed to do business in Lafayette Parish, Mr. Amenta is a resident of Jefferson Parish, and State Farm is a foreign insurer licensed to do business in Lafayette Parish.
On June 24, 1998, Elizabeth and Mary Laborde were involved in another car accident. In this accident, Elizabeth was the driver and Mary was the passenger when Charla Logan allegedly backed into the Laborde vehicle, a 1996 Mazda 626. This accident occurred in Lafayette Parish. Charla Logan, a Lafayette Parish resident, was insured by State Farm, and Elizabeth continued to have the policy of uninsured and/or underinsured motorist insurance with State Farm. As a result of each accident Mary claims to have suffered major injuries, and as a result of the May 8, 1998 accident, Elizabeth suffered injuries.
A few hours after her accident with Charla Logan, on June 24, 1998, but before the day was done, Mary Laborde was involved *503 in yet another accident in which she was a guest passenger and her husband, Gregory Laborde, was the driver. In that accident, Mr. Laborde supposedly backed into a vehicle operated by Gaston Leblanc. This accident, too, occurred in Lafayette Parish.
Plaintiffs filed suit in Lafayette Parish, with Mary cumulating her claims for all three accidents. Defendants, Mr. Amenta and ANPCC, filed exceptions of improper cumulation of actions and improper venue.
After a hearing on the exceptions, the trial court denied the exception of venue and granted the exception of improper cumulation of actions. The Defendants are appealing the trial court's ruling that venue was proper in Lafayette Parish. The Plaintiffs are appealing the trial court's ruling that the claims were improperly cumulated.

IMPROPER CUMULATION OF ACTIONS
Mary is attempting to cumulate into one suit three separate accidents, asserting that the personal injury claims will involve several factual and legal issues which are common to all accidents. Louisiana Code of Civil Procedure Article 461 defines cumulation of actions as the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. In the present case, one plaintiff, Mary, seeks to join her actions arising out of three accidents which occurred on two separate days about six weeks apart. Where there are plural defendants, cumulation is permissible, according to Louisiana Code of Civil Procedure Article 463, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Mary urges this court to find that there is a substantial community of interest among the parties joined, in that the last two accidents aggravated the injuries she sustained in the first one. We disagree.
A "cause of action" is "the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant." Everything on Wheels v. Subaru South, 616 So.2d 1234, 1238 (La. 1993). In the instant case there were three separate accidents. The operative facts which give rise to Mary's actions are derived from three separate occurrences. There are no common facts among the three tortfeasors relating to liability. As to damages, the plaintiff has the burden of proving what damages were caused by each accident. Although an injury in one accident may be aggravated or exacerbated by a later accident, it is up to the injured plaintiff to prove, as a separate injury, the aggravation or exacerbation. There is no community of interest between the parties joined. See Jenkins v. Lindsey, 97-0492 (La.App. 4 Cir. 4/16/97), 693 So.2d 238. Thus, the trial court properly granted the exception of improper cumulation of actions.

EXCEPTION OF IMPROPER VENUE
Because Plaintiffs joined the UM carrier, the trial court held that venue was proper in the Plaintiffs' domicile, regardless of where the accident occurred or the tortfeasor resided, relying on Louisiana Code of Civil Procedure Articles 73 and 76. These articles provide the following pertinent language:
Article 73.
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors *504 may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
Article 76.
An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.
Defendants allege that the trial court committed error as a matter of law in failing to grant the exception of improper venue and transferring the action to Jefferson Parish where the accident occurred and Mr. Amenta is domiciled. They contend that because Plaintiffs damages will not exceed $1,500,000, the underlying limits of insurance coverage, it is inconceivable that the UM carrier will be obligated to pay any amount. Defendants are cognizant of the jurisprudential line of cases, e.g., Gaspard v. Louisiana Farm Bureau Insurance Co., 96-2148 (4 Cir. 11/6/96), 684 So.2d 55, that hold when a plaintiff joins his/her UM carrier, venue is proper in the parish of plaintiff's domicile, regardless of where the accident occurred or the tortfeasor resides. However, they submit that these decisions are wrong.
Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982) holds that a tortfeasor and the plaintiff's UM carrier are solidary obligors. The basis for solidarity is determined as of the time suit is filed, and solidarity, once determined, is not negated by a later determination of policy limits. Hayden v. Gittens, 97-0726 (La.App. 4 Cir. 12/10/97), 704 So.2d 927. The Hayden court found that Louisiana Code of Civil Procedure Article 76 was applicable to a claim against a UM carrier making venue proper in the parish of plaintiff's domicile. Although we are mindful of Defendants' position as stated in their brief, we must agree with the trial court in concluding that venue was proper in Lafayette Parish, Plaintiffs' domicile, given the fact that the UM carrier was joined in the lawsuit.
As an additional argument Defendants, contend that a 1996 amendment to the Direct Action Statute, Louisiana Revised Statute 22:655, limits the available venues to those listed in Louisiana Code of Civil Procedure Article 42, which in the instant case would be the site of the accident or the parish of the tortfeasor's domicile. However, in Cacamo v. Liberty Mutual Fire Insurance Co., 99-3479, 99-3480, 99-3481 (La.6/30/00), 764 So.2d 41, the supreme court concluded that the language in the Direct Action Statute, "Art. 42 only", does not limit the venue choices otherwise available to a plaintiff.

CONCLUSION
Based on the foregoing, we affirm the trial court's grant of the exception of improper cumulation of actions and the denial of the exception of improper venue. Costs are assessed equally between the parties.
AFFIRMED.
AMY, J., concurs and assigns reasons.
AMY, J., concurring in the result.
I agree with the majority with regard to the exception of improper venue. I also agree that an affirmation of the trial court's determination to sustain the exception of improper cumulation of actions is required. I write separately as I believe that cumulation is not necessarily improper in this action under La.Code Civ.P. art. 463, However, I do not conclude that the trial court's decision under the Article was an abuse of discretion.
I respectfully concur.