J^DOWNING, J.
The instant suit is a “diminished value” class action concerning auto insurance policies that U.S. Agencies Casualty Insurance Company (USA) issued to Richard “Joey” Deshautelle. The issues before this court on appeal involve the determination of proper venue for the class action lawsuit. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This accident occurred in Ascension Parish and Deshautelle filed suit, as a class representative, in Ascension Parish. David Wright, Jr. filed a similar “diminished value” class action against USA in East Baton Rouge Parish. Wright then moved for, and was granted leave to intervene in the Deshautelle class action in Ascension Parish. Both Wright and Deshautelle are Plaintiff class representatives.
USA, prior to Wright’s intervention, had filed a declinatory exception of improper venue arguing that East Baton Rouge Parish is the only parish of proper venue in accordance with the holding in Cacamo vs. Liberty Mutual Fire Insurance Company, 99-0047 (La.App. 4th Cir.11/10/99), 746 So.2d 793, reversed, 99-3479 (La.6/30/00), 764 So.2d 41, which held that the general venue provisions of LSA Code of Civil Procedure art. 42 control determinations of proper venue in this type of action. The trial court overruled the exception based on the conclusion that the relevant exception to the general venue statute (art. 76) applies to the class action venue statute (art. 593A).
DISCUSSION
Subsequent to the filing of the appeal, the Louisiana Supreme Court reversed the finding of the appellate court in Cacamo vs. Liberty Mutual Fire Insurance Company, 99-3479 (La.6/30/00), 764 So.2d 41. The Supreme Court stated as follows:
The general rules for “proper venue as to the defendant” are found in La. *435 Code ,Civ. P. art. 42, which sets forth the appropriate venue for actions against parties to a proceeding. Under La. Code Civ. P. art. 42(2), a suit against a domestic insurer such as Progressive must be brought in the parish where its registered office is located, in this case Jefferson Parish. Suits against foreign insurers, such as defendants Liberty Mutual and Allstate, must be brought in the Parish of East Baton Rouge. La. Code Civ. P. art. 42(7). However, La. Code Civ. P. art. 43 further provides that the general venue rules in article 42 are subject to the exceptions contained in La.Code Civ. P. arts. 71-85 and as otherwise provided by law. In Kellis v. Farber, 523 So.2d 843 (La.1988), we held that the plain meaning of art. 43 is that venues permitted in articles 71-85 and qtherwise permitted by law may be used to supplement the general venue provisions of article 42 whenever venue under article 42 is appropriate. Our decision in Kellis as to the meaning of La.Code Civ. P. arts. 42 and 43 is controlling here. It has not been overruled. Accordingly, plaintiffs may choose any venue available under La.Code Civ. P. art. 42 or any other supplementary venue provided by law that fits the particular circumstances of their claims. We find nothing in the language of La.Code Civ. P. art. 593 to suggest a different result.
Cacamo, 99-3479 at pp. 4-5, 764 So.2d at 44.
The Louisiana Supreme Court held that plaintiffs in a class action may choose any venue available under the general venue article or any other supplementary venue provided by law that fits the particular circumstances of their claims. The court further held that insured in class action against their insurers were not limited to the specific venue choices of the general venue article, but could take advantage of supplementary venue articles found elsewhere in the Code of Civil Procedure and otherwise provided by law, specifically LSA-C.C.P. arts. 41, 42, 71-85, 593. Accordingly, this action may be brought where the loss occurred or where the insured is domiciled.
^Finding no error in the trial court’s prescient and correct interpretation of the venue provisions of the Louisiana Code of Civil Procedure, the judgment of September 28, 1999 ruling is affirmed at appellant’s cost.
AFFIRMED.
KUHN, J., concurs and assigns reasons.