889 So.2d 1170 (2004)
Jose SALDANA and Florence Saldana, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 39,094-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
Anthony J. Bruscato, Monroe, for Appellants.
Davenport, Files & Kelly, L.L.P., by Martin Shane Craighead, Monroe, for Appellee.
Before PEATROSS, DREW and MOORE, JJ.
DREW, J.:
Plaintiffs, Jose and Florence Saldana, appeal the trial court's judgment granting defendant's declinatory exception of improper venue and dismissing their action. For the reasons set forth below, we affirm the judgment of the trial court.

FACTS
On March 28, 2002, Jose and Florence Saldana, residents of Madison Parish, Louisiana, were involved in a vehicular accident on Pemberton Boulevard in Vicksburg, Mississippi. The accident occurred when Jose Saldana attempted to make a left turn into the parking lot of a K-Mart store. As he did so, his 1977 Ford pick-up truck, occupied by him and his wife, was struck by an oncoming 1996 Ford. Florence Saldana suffered serious injuries as a result of the accident.
*1171 The plaintiffs' petition alleges that Ms. Saldana accepted the tender of policy limits made by her husband's insurer, State Farm Mutual Automobile Insurance Company. The petition further alleges that the amount received was insufficient to cover the entirety of her claim. Accordingly, the plaintiffs made a claim under the medical and underinsured motorist coverage provisions of a State Farm policy issued to their son, Jose Saldana, Jr. (Joe), who allegedly resided with them at all times pertinent to this claim. Joe's policy defined an insured as any person related by blood, marriage, or adoption to and who lived with the first person named on the declaration page, i.e., Joe, the plaintiffs' son.
State Farm filed an exception of improper venue claiming that because the accident occurred in Mississippi, the insurance policy sued upon was issued in Mississippi, and the named insured under the policy was a resident of Mississippi, venue was improper. During an August 14, 2003, deposition, Joe testified that in the six months surrounding the accident, he lived in his parents' home in Tallulah, Louisiana, approximately one-third of the time. The other two-thirds of the time, Joe alternated living between his two daughters' homes in Vicksburg, Mississippi, where he was employed. He was not any more specific regarding his residency on the date of the accident.
At the hearing on the venue exception, the trial court heard testimony from Joe, but unfortunately, no transcript or narrative report was made of that testimony. The record contains a letter from Sheron Lensing, a court reporter for the Sixth Judicial District Court, informing the clerk of the district court that she has no record of "reporting" the hearing and that there is no transcript of the case. Admitted into evidence were Joe's deposition and a certified copy of the insurance policy at issue. After considering these, the trial court granted the exception of improper venue, and on March 15, 2004, signed a judgment dismissing plaintiffs' action.

DISCUSSION
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. The general rules for "proper venue as to the defendant" are found in La. C.C.P. art. 42. La. C.C.P. art. 43 states that the general venue rules in article 42 are subject to the exceptions contained in La. C.C. P. arts. 71-85 and as otherwise provided by law. Among these supplemental venue provisions that enlarge upon the general venue choices in article 42 are the venues permitted under article 76 which provides, in part:
An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.
An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.
If the grounds for the objection of improper venue do not appear on the face of the plaintiff's petition, the burden is on the defendant to offer evidence in support of his position. Nitro Gaming, Inc. v. D.I. Foods, Inc., 34,301 (La.App.2d Cir.11/1/00), 779 So.2d 817. For purposes of the venue exception, the plaintiff's allegations are taken as true. Cacamo v. Liberty Mutual Fire Ins. Co., 99-3479 (La.06/30/00), 764 So.2d 41. The Saldanas argue on appeal that the trial court erred in granting the exception of improper venue because they are arguably "insureds" under Joe's policy and plaintiffs are domiciled in Madison Parish.
*1172 The Saldanas' original petition alleged that they were insured under the provisions of their son's State Farm policy and Madison was the parish of their domicile. Accepting these allegations as true for the purposes of this exception, these facts would be sufficient to make venue proper in Madison Parish under the "domicile of the insured" portion of La. C.C.P. art. 76. Accordingly, the defendants bore the burden of presenting evidence in support of their position that Madison Parish was not a proper venue. Nitro Gaming, supra.
State Farm attempted to meet this burden by showing that the Saldanas were not "insureds" under the policy because they did not "live with" Joe Saldana and, therefore, were not entitled to the benefit of the supplemental venue provision found in La. C.C.P. art. 76. According to the plaintiffs, as long as their claim as "insureds" under the policy was colorable, State Farm was precluded from challenging the venue by questioning that status. For this proposition, the Saldanas cite the case of LaBorde v. American National Property and Casualty Companies, XXXX-XXXX (La.App. 3d Cir.1/31/01), 780 So.2d 501, writ denied, XXXX-XXXX (La.4/27/01), 791 So.2d 634.
Contrary to the Saldanas' argument, the court in LaBorde, supra, merely reaffirmed the jurisprudence that held when a plaintiff joins his UM carrier in a suit against a tortfeasor, venue is proper in plaintiff's domicile regardless of where the accident occurred or where the tortfeasor resides. The third circuit found unpersuasive the exceptor's argument that the plaintiff's damages would not warrant the application of her UM coverage, thus making venue improper in the parish of her domicile. The Saldanas incorrectly equated the holding in LaBorde, supra, with immunization of a plaintiff from challenges to his status as an "insured" on an insurance policy pursuant to an exception of improper venue, when the appropriateness of that venue has been asserted under La. C.C.P. art. 76.
Under LaBorde, supra, a plaintiff's status as an "insured" under the underinsured motorist provisions of an insurance policy (which status gives rise to the permissive venue in La. C.C.P. art. 76) would not be negated by the fact that plaintiffs' damages may ultimately not be severe enough to exhaust the underlying coverage. To hold otherwise would mean a trial court would be placed in the judicially inefficient position of trying the issue of damages before a determination of liability and coverage. The holding in LaBorde, supra, does not bar a challenge to the plaintiff's status as an insured under an insurance policy on an exception of improper venue.
Accordingly, State Farm's challenge, via the improper venue exception, to the Saldanas' status as insureds under their son's insurance policy was appropriate. Their status as insureds under the policy depended entirely on whether they were "living with" their son. If based on the evidence, the trial court concluded that the Saldanas were not living with their son at the time of the accident, their status as insureds would have been disproven and the granting of the exception of improper venue appropriate. The evidence considered by the trial court in making this determination consisted in large part of the testimony of the plaintiff's son and policyholder, Joe. As noted above, a transcript of that testimony was not made a part of the record.
The appellant bears the responsibility of securing either a transcript or a narrative of facts; therefore, an inadequacy in the record is imputable to the appellant. Borden v. West Carroll Parish Police Jury, 28,967 (La.App.2d Cir.12/11/96), *1173 685 So.2d 454. In the absence of a transcript or a narrative report of Joe Saldana's testimony at the trial on the exception, this court does not possess the factual basis from which to determine whether the trial court incorrectly sustained State Farm's exception of improper venue. As a reviewing court, we apply the presumption that the trial court's judgment is supported by competent evidence and affirm the judgment. Creech v. Creech, 29,499 (La.App.2d Cir.5/7/97), 694 So.2d 589.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting State Farm's exception of improper venue is AFFIRMED. Costs of this appeal are to be borne by appellants.