923 So.2d 146 (2005)
Larry J. LOUVIERE and Kathleen Louviere, Individually and on Behalf of Their Minor Daughter, Katie Louviere
v.
STATE of Louisiana, LOUISIANA DEPARTMENT OF EDUCATION, Louisiana Board of Elementary and Secondary Education, Louisiana School for Math, Science and the Arts and Board of Directors of the Louisiana School for Math, Science and the Arts.
No. 2004 CA 1897.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
*147 Phillip G. Hunter, Alexandria, Counsel for Plaintiffs/Appellant Larry J. Louviere and Kathleen Louviere, Individually and on Behalf of Their Minor Daughter, Katie Louviere.
Patrick M. Wartelle, Lafayette, Counsel for Defendants/Appellees The State of Louisiana, the Louisiana Department of Education, the Louisiana Board of Elementary and Secondary Education, the Louisiana School for Math, Science and the Arts, and the Board of Directors of the Louisiana School for Math, Science and the Arts.
*148 Before: KUHN, GUIDRY, and PETTIGREW, JJ.
KUHN, J.
Defendants, The State of Louisiana, The State of Louisiana Department of Education, The State of Louisiana Board of Elementary and Secondary Education, The Louisiana School for Math, Science and the Arts ("the school"), and The Board of Directors of the Directors of The Louisiana School for Math, Science and the Arts, appeal the trial court's judgment overruling their exception raising the objection of improper venue.[1] We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND
Plaintiffs, Larry J. Louviere and Kathleen Louviere, individually, and on behalf of their minor daughter, Katie Louviere, filed a wrongful death and survival action against defendants following the death of their son, Thomas A. Louviere. In their petition, plaintiffs alleged that while Thomas was a resident student at the school in Natchitoches, Louisiana, he "orally expressed his intentions to take his own life." Plaintiffs contend that when another student at the school heard Thomas' suicidal ideations and reported them to the director of Student Affairs, the director took no action.
According to the petition, which plaintiffs filed in St. Mary Parish, Thomas committed suicide by gunshot at his home in St. Mary Parish on March 28, 2003. Plaintiffs assert that the defendants' negligence or fault caused Thomas' death. Specifically, they allege the defendants failed to inform them of Thomas' suicidal threats, failed to provide counseling, failed to consult a mental health specialist before requiring Thomas to resign from the school for "alleged minor offenses only a short time before graduation," and failed to train and supervise the school staff to recognize and take action upon knowledge of suicidal threats made by students. Plaintiffs contend that if the school staff had appropriately warned or informed plaintiffs, provided care and counseling, and monitored Thomas, he would not have committed suicide. Plaintiffs seek damages, asserting causes of action for wrongful death, survival, and loss of consortium, service, and society.
Defendants filed their exception objecting to improper venue, asserting that none of the defendants reside in St. Mary Parish. They also assert that the conduct and damages of which plaintiffs complain did not occur in St. Mary Parish. At the hearing on the exception, the parties stipulated that Thomas' death occurred in St. Mary Parish. The trial court overruled the exception, and defendants have appealed.

II. ANALYSIS
On appeal, the defendants acknowledge, "This case arises out of the suicide of [the] decedent ...," but they assert that plaintiffs' allegations against them center around the alleged omissions of the school officials while they were in Natchitoches Parish. Accordingly, they contend that venue in St. Mary Parish is improper and the case should be transferred to Natchitoches Parish or, alternatively, to East Baton Rouge Parish pursuant to Louisiana Revised Statutes 13:5104. Plaintiffs argue the trial court correctly ruled that venue was proper in St. Mary Parish as the "parish where the damages were sustained" *149 under Louisiana Code of Civil Procedure article 74.[2]
The defendants in this suit include the state of Louisiana and other state agencies. La. R.S. 13:5102.[3] Louisiana Revised Statutes 13:5104 A provides the general rule of venue for suits filed against the state and its agencies:[4]
All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
Based on the allegations set forth in plaintiffs' petition, we conclude that plaintiffs' causes of action arose in St. Mary Parish.
Under Louisiana law, a cause of action accrues when a party has the right to sue. Landry v. Avondale Industries, Inc., 03-0719, p. 4 (La.12/3/03), 864 So.2d 117, 122. A plaintiff's injury in a wrongful death action occurs when the victim dies. Walls v. American Optical Corp., 98-0455, p. 9 (La.9/8/99), 740 So.2d 1262, 1270. The supreme court has often recognized that a wrongful death action does not arise until the date of the victim's death. Id. Thomas' death occurred in St. Mary Parish, and thus, it is the parish in which plaintiffs' wrongful death action arose.
A survival action comes into existence simultaneously with the tort, permits recovery only for the damages suffered by the victim from the time of injury to the moment of death, and is transmitted to the victim's beneficiaries upon his death. Boullt v. State Farm Mut. Auto. Ins. Co., 99-0942, p. 8 (La.10/19/99), 752 So.2d 739, 743-744. "A negligence cause of action will arise only upon the happening of a wrongful act and the existence of an injury resulting in legally cognizable damages." Walls v. American Optical Corp., 98-0455 at p. 8, 740 So.2d at 1269. Thus, plaintiffs' survival action did not arise until Thomas sustained legally cognizable damages. Plaintiffs' petition alleges, "[Thomas] suffered excruciating pain, terror, fright, mental anguish, and other emotional injuries prior to his death as a result of the gunshot wound he sustained. The plaintiff parents seek survival damages ... for these circumstances." Thus, according to the petition, Thomas sustained legally cognizable damages when he shot himself in *150 St. Mary Parish, and thus, the survival action arose in that parish.
A cause of action for loss of consortium does not accrue until a plaintiff suffers the actual loss of consortium, which has been held to occur at the time an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society. Landry v. Avondale Industries, Inc., 03-0719 at p. 4, 864 So.2d at 122. In this case, plaintiffs allege they suffered Thomas' loss of consortium, service, and society upon his death. Based on these allegations, plaintiffs' loss of consortium claim also arose upon Thomas' death in St. Mary Parish.
Accordingly, since plaintiffs' causes of action arose in St. Mary Parish, plaintiffs' suit is filed in a proper venue pursuant to Louisiana Revised Statutes 13:5104.

III. CONCLUSION
For these reasons, we affirm the trial court's judgment overruling the defendants' exception. The costs of this appeal are assessed against defendants in solido in the amount of $298.50. La. R.S. 13:4521; La. R.S. 13:5112.
AFFIRMED.
NOTES
[1] A judgment sustaining or overruling an exception raising an objection to venue may cause irreparable harm and, thus, is an appealable, interlocutory judgment. Frederic v. Zodiac Development, 02-1178, p. 3 n. 3 (La. App. 1st Cir.2/14/03), 839 So.2d 448, 451 n. 3.
[2] The court minutes indicate that in oral reasons for judgment, the court found that venue in St. Mary Parish was proper "since the damage occurred in St. Mary Parish."
[3] The Louisiana School for Math, Science and the Arts is placed within the Louisiana Department of Education pursuant to Louisiana Revised Statutes 17:1963(C).
[4] Louisiana Code of Civil Procedure article 42 sets forth the general rules of venue as to certain defendants, but has no provision for venue in actions filed against the State or its agencies. Underwood v. Lane Memorial Hosp., 97-1997, p. 4 (La.7/8/98), 714 So.2d 715, 717. In Kellis v. Farber, 523 So.2d 843, 846 (La.1988), the Supreme Court held that the alternative, optional venue provisions contained in Louisiana Code of Civil Procedure articles 71 through 85 "are an extension, supplement and legal part of the provisions of article 42." See also Cacamo v. Liberty Mutual Fire Ins. Co., 99-3479, pp. 4-5 (La.6/30/00), 764 So.2d 41, 44. These supplemental venue options are not applicable when Article 42 is not applicable. Cf. Williams v. State, 35,928, p. 5 (La.App. 2d Cir.4/3/02), 813 So.2d 1206, 1209, writ denied, 02-1279 (La.8/30/02), 823 So.2d 955 (in an action alleging joint liability of an individual and a state agency, venue was proper in the parish where the individual defendant was domiciled pursuant to Louisiana Code of Civil Procedure articles 42 and 73). Thus, because article 42 is not applicable in this suit, the supplemental venue options provided in article 74, pertaining to actions for the recovery of damages for an offense or quasi offense, are not applicable.