VICTORY, J.*
|, At issue in this direct action lawsuit, brought against a nonresident tortfeasor and her foreign liability insurer, is whether venue is proper in the parish of plaintiffs domicile. If suit was filed in the proper venue, then plaintiffs suit has not prescribed. For the reasons that follow, we find that venue is proper in the parish of plaintiffs domicile under the provisions of La. C.C.P. art. 42(5), and that therefore, prescription was interrupted under La. C.C. art. 3462. Accordingly, we reverse the judgment of the court of appeal and reinstate the decision of the trial court denying defendants’ Exceptions of Improper Venue and Prescription.
FACTS AND PROCEDURAL HISTORY
On December 13, 2006, Michael Green (“Green”) filed suit in Orleans Parish, the parish of his domicile, against defendants, Mary Plangger (“Plangger”), a nonresident tortfeasor, and her liability insurer, Auto Club Group Insurance Company (“Auto Club”), a foreign insurance company not authorized to do business in Louisiana, seeking damages for personal injuries allegedly sustained as a result of an automobile accident that occurred on December 16, 2005, in St. John the Baptist | ¡¿Parish. Green requested service of process on the defendants pursuant to the Long Arm Statute, La. R.S. 13:3201(A)(3),[1] via certified mail. Auto Club was served on January 5, 2007, but service was not perfected on Plangger until July 12, 2007. Defendants filed Exceptions of Improper Venue and Prescription, arguing that venue was only proper in the parish where the accident occurred or East Baton Rouge Parish under the provisions of the Direct Action Statute, La. R.S. 22:1269,[2] and that because venue was improper in Orleans Parish and service was not perfected on defendants within the prescriptive period, the suit had prescribed under La. C.C.P. art. 3462.[3]
*184 The trial court denied defendants’ Exceptions of Improper Venue and Prescription and the court of appeal denied defendants’ writ application. Green v. Auto Club Group Ins. Co., 07-1468 (La.App. 4 Cir. 2/20/08). This Court granted defendants’ writ application and remanded the case to the court of appeal for briefing, argument, and opinion. Green v. Auto Club Group Ins. Co., 08-0614 (La.5/2/08), 979 So.2d 1273. On remand, the Fourth Circuit reversed the judgment of the trial court, finding that venue was only proper under the Direct Action Statute in St. John the Baptist Parish or East Baton Rouge Parish, and that therefore, the suit had prescribed pursuant to La. C.C. art. 3462 because it was not filed in either of those parishes. Green v. Auto Club Group Ins. Co., 07-C1468 (La.App. 4 Cir. 10/1/08), 994 So.2d 701. We granted the plaintiffs writ application. Green v. Auto Club Group Ins. Co., 08-2868 (La.2/12/09), 2 So.3d 432.
DISCUSSION
“Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.” La. C.C.P. art. 41. The Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. Hood v. Cotter, 08-215 (La.12/2/08), 5 So.3d 819; Cacamo v. Liberty Mutual Ins. Co., 99-3479 (La.6/30/00), 764 So.2d 41, 43; Descant v. Administrators of Tulane Educational Fund, 93-3098 (La.7/5/94), 639 So.2d 246. The Direct Action Statute “was enacted to give special rights to tort victims, not to insureds with contract claims against a defendant.” Cacamo, supra at 43. In the absence of the Direct Action Statute, a plaintiff would have no right of action against an alleged tortfeasor’s liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delic-tual in nature, and plaintiff has no contractual relationship with the tortfeasor’s insurer. Because the Direct Action Statute provides the sole procedural right of action against the insurer in this ease, the Direct Action Statute provides “the rules regulating the subject,” and venue may only be determined according to that statute’s venue provision.
14Venue under the Direct Action Statute is provided in La. R.S. 22:1269, in pertinent part, as follows:
The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 12 only. (Emphasis added).
Thus, the first alternative under La. R.S. 22:1269 is the parish where the accident or injury occurred, which is St. John Parish. The second alternative is any parish in which the action could be brought against either the insured or the insured under the general venue rules of La. C.C.P. art. 42 only.[4] For the reasons stated below, ven *185 ue was proper in the parish of plaintiffs domicile pursuant to La. C.C.P. art. 42.
La. C.C.P. art. 42(5) provides:
A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiffs domicile or in a parish where the process may be, and subsequently is, served on the defendant. (Emphasis added.)
La. C.C.P. art. 42(6) provides:
A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process. (Emphasis added.)
The court of appeal found that La. C.C.P. art. 42(5), which would allow venue in the parish of plaintiffs domicile, does not apply because the insured in this case appointed an agent for service of process by virtue of La. R.S. 13:3474. La. R.S. | ¡¿3:3474 provides that the acceptance by nonresidents of the privileges of driving a car in Louisiana “shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Louisiana ... to be his true and lawful attorney for service of process ...” Thus, the court of appeal held, La. C.C.P. art. 42(6) applies, which only allows the suit to be brought in the parish of the agent for service of process, in this case East Baton Rouge Parish.
We disagree. A nonresident driver for whom the secretary of state has been statutorily appointed for service of process is not a nonresident “who has appointed an agent for the service of process in the manner provided by law ...” under La. C.C.P. art. 42(6). The Official Revision Comments make this clear: “[p]aragraph (6) does not apply to a nonresident for whom, by operation of law, the secretary of state is made the agent for service of process, for in such a case the nonresident has not ‘appointed’ an agent.” La. C.C.P. art. 42, Official Revision Comment (d) (1960). Because the insured in this case did not “appoint” an agent for service of process, La. C.C.P. art. 42(5) applies and allows suit to be brought against the insured in the parish of plaintiffs domicile, which it was in this case. Pursuant to La. R.S. 22:1269, suit can be brought where venue is proper for either the insurer or the insured under La. C.C.P. art. 42 only; therefore, as venue was proper for the insured, it was also proper for the insurer. Under La. C.C. art. 3462, because this suit was filed in the proper venue, prescription was interrupted. Therefore, the trial court was correct in denying defendants’ Exceptions of Improper Venue and Prescription.
DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed, the trial court judgment denying defendants’ Exceptions of Improper Venue and | ¡¿Prescription is reinstated, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED; TRIAL COURT JUDGMENT REINSTATED.
JOHNSON, J., concurs and assigns reasons.

 Traylor, J., retired. Justice Traylor retired after oral argument and did not participate in the deliberation of this case following his date of retirement, May 31, 2009.

.La. R.S. 13:3201 provides:
Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
[[Image here]]
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
[[Image here]]

. The Direct Action Statute was renumbered from La. R.S. 22:655 to La. R.S. 22:1269 by Acts 2008, No. 415, § 1, effective January 1, 2009.

. La. C.C. art. 3462 provides:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

. The addition of the word “only” in the Direct Action Statute was intended to make clear that the venue exceptions in La. C.C.P. arts. 71-85 did not apply. See discussion in Cacamo, supra at 46 and Boatwright v. Metropolitan Life Ins. Co., 95-2525 (La.App. 4 Cir. 3/27/96), 671 So.2d 553, writ denied, 96-1327 (La.6/28/96), 675 So.2d 1130.