PER CURIAM.
 
 *
 

 11 This matter arises out of a lawsuit brought by plaintiffs in Orleans Parish against various defendants based on alleged asbestos exposure to their decedent, which occurred during his employment at Avondale Shipyards in Jefferson Parish. Commercial Union Insurance Company (“Commercial Union”), in its capacity as insurer of seven executive officers of Avon-dale Industries who reside outside of Orleans Parish, filed an exception of improper venue. In support of the exception, Commercial Union argued venue for plaintiffs’ suit against it was not proper in Orleans Parish, as La. R.S. 22:1269, the venue provision of the Direct Action Statute, provides venue is proper in the parish where the accident or injury occurred, or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by La.Code Civ. P. art. 42 “only.” Applying that statute, Commercial Union submits the proper venue for the action against it is Jefferson Parish (the site of the exposure), or East Baton Rouge Parish (the venue for suits against foreign insurers under La.Code Civ. P. art. 42(7)). Plaintiffs opposed the exception, asserting that because some of the defendants were domiciled in Orleans Parish, venue was proper in Orleans Parish as to all solidary defendants by operation of La.Code Civ. P. art. 73.
 

 |2The district court denied Commercial Union’s exception, and the court of appeal denied Commercial Union’s application for supervisory writs. This application followed.
 

 In
 
 Green v. Auto Club Group Ins. Co.,
 
 08-2868 at p. 4, n. 4 (La.10/28/09), 24 So.3d 182, 184, we explained that the use of the term “Article 42 only” in La. R.S. 22:1269 excluded reference to the venue exceptions, including La. Code Civ. P. art. 73:
 

 The addition of the word “only” in the Direct Action Statute was intended to make clear that the venue exceptions in La. C.C.P. arts. 71-85 did not apply. See discussion in
 
 Cacamo [v. Liberty
 
 
 *962
 

 Mutual Fire Ins. Co.],
 
 supra[, 764 So.2d 41] at 46 [La.2000] and
 
 Boatwright v. Metropolitan Life Ins. Co.,
 
 95-2473, 95-2525 (La.App. 4 Cir. 3/27/96), 671 So.2d 553,
 
 writ denied,
 
 96-1327 (La.6/28/96), 675 So.2d 1130.
 

 Based on the allegations of plaintiffs’ petition, Orleans Parish is not a proper venue under La.Code Civ. P. art. 42 as to Commercial Union, in its capacity as insurer of seven executive officers of Avondale Industries who reside outside of Orleans Parish. Additionally, as currently drafted, the petition does not allege sufficient facts to support the conclusion that any of decedent’s asbestos exposure occurred in any parish other than Jefferson Parish. Therefore, pursuant to La. R.S. 22:1269, Orleans Parish is not a proper venue for the suit against Commercial Union in its capacity as insurer of seven executive officers of Avondale Industries who reside outside of Orleans Parish. Therefore, Commercial Union’s declinatory exception raising the objection of improper venue must be sustained.
 

 La.Code Civ. P. art. 932(A) provides, “[w]hen the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.” Plaintiffs have | ^indicated they may be able to amend their petition to allege additional facts concerning decedent’s asbestos exposure, which may cure the venue defect. Accordingly, we will remand the matter to the district court in order to allow plaintiffs an opportunity to amend their petition. However, if plaintiffs are unable to remove the grounds of the objection, the district court should dismiss the action or transfer the action to a proper court in the interest of justice. La.Code Civ. P. art. 932(B).
 

 DECREE
 

 For the reasons assigned, the judgment of the district court is reversed. The exception of improper venue is granted. The case is remanded to the district court for further proceedings consistent with this opinion.
 

 *
 

 Chief Justice Kimball not participating in this opinion.