McKAY, C.J.,
dissents.
|/‘It is well settled in Louisiana Law that [ojnce a party’s cause of action accrues, it becomes a vested property right that may not be constitutionally divested.” Marcel v. Delta Shipbuilding Co., 10-0168 (La.App. 4 Cir. 8/4/10), 45 So.3d 634, 639. A survival cause of action in a long-latency occupational diseasé accrues at the time of significant exposure, which is when the exposures “later result in the manifestation of damages.” Austin v. Abney Mills, Inc., 01-1598, pp. 25-26 (La.9/4/2), 824 So.2d 1137,1154 citing Cole v. Celotex, 599 So.2d 1058, 1066 (La.1992).
In the instant case, Mr. Blow was occupationally exposed to injurious levels of asbestos beginning in the middle 1960s. However, OneBeacon is attempting to apply a venue provision which came into effect nearly thirty years after he was occupationally exposed to asbestos. The Louisiana legislature specifically stated in its 1988 amendment to the Direct Action Statute (La. R.S. 22:655) that the amendment applies only to causes of action that accrued “on or after January 1, 1989.” See Acts 1988, No. 934, Sec. 1. As such, logic would dictate that the version of the statute in effect at the time the cause of action accrued should also be the version of the statute that is applicable in this case. ,_A wrongful death action, and a survival action are not the same vehicle because they each provide for a |2different type of damages for different, losses. A wrongful death action accrues at death. A survival action accrues at the time of inju *259 ry or exposure.[1] Accordingly, I would reverse the trial court’s granting of the exception of improper venue.

. Trasher v. Northrup Grumman Ship Systems, Inc. 2010-1287 (La.9/17/10), 43 So.3d 961 does not address its applicability to a survival action, but rather focuses only on a wrongful death claim. Therefore, Trasher has no applicability in the instant case.
The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought „ against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure.