| | | |
|---|---|---|
| TANYA HUREL | * | NO. 2025-C-0049 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| NATIONAL FIRE & MARINE | * | |
| INSURANCE COMPANY D/B/A | | FOURTH CIRCUIT |
| NATIONAL INDEMNITY | * | |
| GROUP INSURANCE | | STATE OF LOUISIANA |
| COMPANIES AND THEIR | * * * * * * * | |
| INSURED, HOLTON BUS | | |
| COMPANY, LLC AND THEIR | | |
| EMPLOYEE, ANTHONY BUSH | | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-08995, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Sloan L. Abernathy
Megan D. Champagne
Karina F. Shareen
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130

      COUNSEL FOR RELATORS, Anthony Bush and National Fire & Marine Insurance Company

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
**MARCH 11, 2025**

The case underlying this writ application concerns a motor vehicle accident, but the present writ application focuses primarily on the issues of prematurity, standing, and the Louisiana Direct Action Statute, La. R.S. 22:1269, as well as the applicability of recent amendments to that law. Relators, Anthony Bush ("Mr. Bush") and National Fire & Marine Insurance Company ("NFMIC"), seek review of the trial court's January 8, 2025 judgment, which denied their Exception of No Right of Action; Motion to Strike Insurer from Caption ("Motion to Strike"); and Motion *in Limine* to Exclude Evidence of Insurance Coverage at Trial ("Motion *in Limine*"). The trial court denied these pleadings with respect to NFMIC on the basis of prematurity and with respect to Mr. Bush on the basis of a lack of standing. For the following reasons, we grant Relators' writ application and reverse the trial court's judgment, finding the trial court erred in ruling NFMIC's pleadings were premature and in ruling Mr. Bush lacked standing to bring these pleadings. Further, on the merits, we render judgment and grant Relators' Exception of No Right of Action; Motion to Strike; and Motion *in Limine*.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 1, 2024, Respondent, Tanya Hurel ("Ms. Hurel"), filed a Petition for Damages ("Petition") in Orleans Parish Civil District Court. Ms. Hurel named NFMIC, Mr. Bush, and Holton Bus Company, LLC ("Holton"), as defendants. In her Petition, Ms. Hurel, alleged that on January 13, 2023, she was travelling on St. Peters Street in New Orleans, when "she was met with traffic at a standstill ahead of her vehicle, causing her to bring her vehicle to a stop." Thereafter, according to Ms. Hurel, a charter bus—owned by Holton and driven by Mr. Bush—"back[ed] onto and over the front . . . of [her] vehicle." Ms. Hurel alleged in her Petition that she sustained injuries as a result of the incident. Ms. Hurel's Petition stated that, at the time of the subject accident, NFMIC insured Holton and its employee, Mr. Bush.

After Mr. Bush filed an answer, which set forth a general denial and affirmative defenses, NFMIC and Mr. Bush filed their Exception of No Right of Action; Motion to Strike; and Motion *in Limine*. Therein, NFMIC and Mr. Bush asserted that an amendment to the Louisiana Direct Action Statute (La. R.S. 22:1269), which became effective on August 1, 2024, applied to this matter and removed Ms. Hurel's right to bring a direct action against NFMIC as an insurer. They further argued that the amendment to La. R.S. 22:1269 meant that Ms. Hurel could not name NFMIC in the case caption and could not present evidence of insurance coverage to the jury that ultimately hears this matter. In support and in pertinent part, NFMIC and Mr. Bush attached Ms. Hurel's Petition; the legislative act adopting the changes to La. R.S. 22:1269; and two federal court decisions discussing the amendment to La. R.S. 22:1269.

2

In her opposition to NFMIC and Mr. Bush's above pleadings, Ms. Hurel stated she requested service on NFMIC but that the sheriff had not yet served NFMIC, such that NFMIC's pleadings were premature. Additionally, Ms. Hurel argued the trial court could not retroactively apply the amendment to La. R.S. 22:1269, a ruling which would thereby extinguish her cause of action against NFMIC, because the subject accident occurred prior to the effective date of the amendment to La. R.S. 22:1269.

On December 19, 2024, the trial court held a hearing on NFMIC and Mr. Bush's pleadings and ultimately issued its judgment on January 8, 2025. The judgment stated, in relevant part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants', National Fire & Marine Insurance Company, Peremptory Exception of No Right of Action, Motion to Strike Insurer from Caption, and Motion in Limine to Exclude Evidence of Insurance Coverage, are over-ruled and denied, as premature.
>
> IT IS ORDERED, ADJUDGED AND DECREED that defendant's, Anthony Bush, Peremptory Exception of No Right of Action, Motion to Strike Insurer from Caption, and Motion in Limine to Exclude Evidence of Insurance Coverage, are over-ruled and denied, due to his lack of standing.

NFMIC and Mr. Bush's timely writ application to this Court followed.

## ASSIGNMENTS OF ERROR

In their writ application to this Court, Relators assert two assignments of error:

> 1.     The trial court legally erred in overruling the peremptory exception of no right of action urged by National Fire & Marine Insurance Company (NFMIC) and finding the exception was "premature" because the record did not show NFMIC had received citation and service of process of Plaintiff's lawsuit, even though NFMIC, by urging its exception of no right of action, formally made its appearance in the lawsuit and did not have to receive formal service of process to urge a peremptory exception. Any objection on grounds of insufficient service of process simply was waived by virtue

of NFMIC filing its exception of no right of action without also excepting for insufficient service.

2. The trial court legally erred in denying Anthony Bush's motion to strike NFMIC, his liability insurer, from the caption of the lawsuit and erroneously reasoned that Anthony Bush, a named defendant and party to this suit, "lacked standing" to file that motion.

Based on our review of the record, resolution of this writ requires us to determine 1) whether the trial court erred in denying NFMIC's Exception of No Right of Action on the basis of prematurity; 2) if so, whether NFMIC's Exception of No Right of Action—and related Motion to Strike and Motion i*n Limine*—should be granted; 3) whether the trial court erred in denying Mr. Bush's Motion to Strike on the basis of a lack of standing; and 4) if so, whether Mr. Bush's Motion to Strike and related Motion *in Limine* should be granted. We discuss each of these in turn.

## DISCUSSION

### Whether the Trial Court Erred in Denying NFMIC's Exception of No Right of Action—and related Motion to Strike and Motion *in Limine*—on the Basis of Prematurity

As stated previously, with respect to NFMIC, the trial court denied its Exception of No Right of Action, Motion to Strike, and Motion *in Limine* on the basis of prematurity. In particular, the trial court found these pleadings were premature because NFMIC had not yet been served with citation and process. In Relators' writ application to this Court, NFMIC contends nothing prevented it as a named party from filing its Exception of No Right of Action. Because the merits of NFMIC's Exception of No Right of Action—and, by extension, its related Motion to Strike and Motion *in Limine*—would be irrelevant if the trial court correctly found NFMIC prematurely filed the exception, we address the prematurity issue before considering the merits of the exception. We begin our analysis with the

4

applicable standard of review concerning the trial court's denial of NFMIC's Exception of No Right of Action on the basis of prematurity.

Resolution of this issue requires us to interpret La. C.C.P. art. 928 (which is titled "Time of pleading exceptions") and apply it to the facts of this case. As this Court recently explained, "[a]n appellate court reviews a question of law, including the proper interpretation of a statute [or code article], under the *de novo* standard of review, thereby giving no deference to the trial court's interpretation of same." *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 2024-0401, p. 10 (La. App. 4 Cir. 1/31/25), ___ So.3d ___, ___, 2025 WL 354086, at *5 (citing *Commodore v. City of New Orleans*, 2019-0127, p. 9 (La. App. 4 Cir. 6/20/19), 275 So.3d 457, 465-66). Similarly, a trial court's application of a statute or code article to the facts of a case presents a question of law to be reviewed under the *de novo* standard of review. *State v. Crowther*, 2024-0625, p. 7 (La. App. 4 Cir. 1/31/25), ___ So.3d ___, ___, 2025 WL 354084, at *3 (citing *Lepine v. Dep't of Wildlife & Fisheries*, 2022-0160, pp. 3-4 (La. App. 4 Cir. 10/5/22), 350 So.3d 988, 991). "Statutory interpretation starts with the language of the statute." *Gemelli v. State*, 2022-0345, p. 3 (La. App. 4 Cir. 11/17/22), 352 So.3d 131, 133 (first citing *Soileau v. Smith True Value & Rental*, 2012-1711, pp. 7-8 (La. 6/28/13), 144 So.3d 771, 777; and then citing *State v. Johnson*, 2003-2993, p. 11 (La. 10/19/04), 884 So.2d 568, 575). Regarding the language of a statute, La. C.C. art. 9 instructs courts that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." With this standard of review and statutory interpretation precept in mind, we turn to the text of La. C.C.P. art. 928 so as to interpret and apply it.

5

The exception of no right of action is a peremptory one. La. C.C.P. art. 927(A)(6). Louisiana Code of Civil Procedure Article 928(B) provides that "[t]he peremptory exception may be pleaded *at any stage of the proceeding* in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both." (Emphasis added.) Once Ms. Hurel filed her Petition, this legal proceeding commenced against all named defendants in that Petition, including NFMIC. *See Baham v. Med. Ctr. of La. at New Orleans*, 2000-2022, p. 9 (La. App. 4 Cir. 7/11/01), 792 So.2d 85, 91 (wherein this Court stated all defendants possessed notice of the legal proceedings brought against them by the plaintiff through the commencement of the legal proceedings filed in the district court). Based on the clear and unambiguous language of La. C.C.P. art. 928, we find a defendant like NFMIC may plead a peremptory exception, such as an exception of no right of action, at any phase of the proceedings, including after the filing of the petition and prior to service of process. In fact, by doing so, a defendant actually runs the risk of waiving other peremptory exceptions, such as insufficiency of citation and insufficiency of service of process, that are unknown until service. *See* La. C.C.P. arts. 925(A)(1) and (2), (C) and 928(A) (providing that the exceptions of insufficiency of citation and insufficiency of service of process are waived unless pleaded prior to or in the answer or along with the filing of any other pleading seeking relief). Nonetheless, a plain reading of La. C.C.P. art. 928 reveals NFMIC had the right to file its Exception of No Right of Action as soon as Ms. Hurel filed her Petition. Thus, the trial court legally erred in dismissing NFMIC's Exception of No Right of Action as Premature. Accordingly, we reverse the trial court's January 8, 2025 judgment

insofar as it denied NFMIC's Exception of No Right of Action—and related Motion to Strike and Motion *in Limine*—on the basis of prematurity.

### Whether NFMIC's Exception of No Right of Action, Motion to Strike, and Motion *in Limine* Should be Granted on the Merits

Having concluded the trial court erred in denying NFMIC's Exception of No Right of Action, Motion to Strike, and Motion *in Limine* on the basis of prematurity, we next consider the merits of these pleadings. NFMIC contends procedural laws apply retroactively to suits filed after the effective date of the law or any amendment to the law. To this end, NFMIC argues the amendment to the Direct Action Statute is procedural in nature, such that it applies to the matter *sub judice* because Ms. Hurel filed her Petition on October 1, 2024, after the effective date of the amendment, August 1, 2024. In support of its contentions, NFMIC cites to La. C.C. art. 6; *Baker v. Amazon Logistics, Inc.*, __ F.Supp.3d ___, 2024 WL 4345073 (E.D. La. 2024); and *Smith v. Fortenberry*, ___ F.Supp.3d ___, 2024 WL 4462332 (E.D. La. 2024). In her opposition filed with the trial court, Ms. Hurel averred her cause of action arose on the date of the accident, January 13, 2023, and she contended the amendment to the Direct Action Statute was a substantive change that could not be applied retroactively because the Louisiana Legislature did not expressly provide for such application. Ms. Hurel further argued that in the federal cases cited by NFMIC and Mr. Bush in their Exception of No Right of Action (*Baker* and *Smith*), the federal courts did not address the critical distinction between procedural and substantive laws. Additionally, Ms. Hurel asserted Louisiana state courts protect a plaintiff's substantive rights, and, in support of this assertion, she cited *Cole v. Celotex Corp.*, 599 So.2d 1058 (La. 1992). We begin

7

with the standard of review and principles applicable to the exception of no right of action.

As this Court has previously held, "[a]n appellate court reviews a trial court's ruling on an exception of no right of action *de novo*." *Crosby v. Waitts, Emmett, Popp & Teich, L.L.C.*, 2021-0054, p. 9 (La. App. 4 Cir. 10/6/21), 366 So.3d 323, 329. The appellate review is *de novo* because an "exception of no right of action presents a question of law," such that the appellate court's review "involves determining whether the trial court was legally correct in sustaining such exception." *Id.* (quoting *Lestelle & Lestelle v. Campo Music Shopping Ctr. Condo. Ass'n*, 2021-0077, p. 4 (La. App. 4 Cir. 3/23/21), 315 So.3d 331, 334). Louisiana Code of Civil Procedure Article 681 states, "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." As previously noted, an exception of no right of action is a peremptory exception. La. C.C.P. art. 927(A)(6). "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. More particularly, "[t]he function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Crosby*, 2021-0054, p. 10, 366 So.3d at 330 (quoting *Williams v. Buck Kreihs Marine Repair, LLC*, 2021-0001, p. 4 (La. App. 4 Cir. 2/24/21), 314 So.3d 1040, 1043). With an "exception of no right of action," there is an assumption "that the petition states a valid cause of action," but the exception "questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation." *Id.* That is, a court must determine if the plaintiff has standing and a legal interest to bring the suit. *Crosby*,

2021-0054, p. 11, 366 So.3d at 330-31 (quoting *Williams*, 2021-0001, p. 4, 314 So.3d at 1043).

Prior to the amendment that became effective on August 1, 2024, La. R.S. 22:1269(B) stated that an "injured person . . . shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido . . . ." As amended, La. R.S. 22:1269(B) states that an "injured person . . . shall have no right of direct action against the insurer unless" certain exceptions apply.[1] None of the exceptions are applicable to the matter *sub judice*. Thus, based on the plain language of the amended version of the statute, Ms. Hurel does not have a right of action against NFMIC under La. R.S. 22:1269(B) if the amendments to that statute apply retroactively. Therefore, we must determine whether the pre-amendment or amended version of La. R.S. 22:1269 applies to this

---

[1] In terms of the exceptions, La. R.S. 22:1269(B)(1) states:

B. (1) The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:

(a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

(b) The insured is insolvent.

(c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

(e) When the insurer is an uninsured motorist carrier.

(f) The insured is deceased.

(g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

9

matter in which the underlying accident occurred prior to the effective date of the amendments yet suit was not filed until after the effective date of the amendments. This is a *res novo* issue for this Court.

Louisiana Civil Code Article 6 provides, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Thus, La. C.C. art. 6 "requires us to 'first ascertain whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends unless the enactment impairs contractual obligations or vested rights. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive.'" *Blow v. OneBeacon Am. Ins. Co.*, 2016-0301, pp. 16-17 (La. App. 4 Cir. 4/20/16), 193 So.3d 244, 254 (quoting *Keith v. U.S. Fid. & Guar. Co.*, 1996-2075, p. 6 (La.5/9/97), 694 So.2d 180, 183). In this instance, the Louisiana Legislature did not express its intent regarding retrospective or prospective application of the amendment to the Direct Action Statute. Therefore, we must determine whether the amendment to the Direct Action Statute is classified as substantive, procedural, or interpretive.

In *Blow*, this Court discussed the definitions of these classifications:

It is well accepted that substantive laws either establish new rules, rights, and duties or change existing ones. *See St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 817 (La. 1992). Interpretive laws, on the other hand, merely establish the meaning the statute had from the time of its enactment. *See id.* Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. *See Keith* [*v. U.S. Fid. & Guar. Co.*], [19]96-2075, p. 6, [La. 5/9/97)], 630 So.2d [809,] 183. Because the application of legislative enactments has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions, even where the Legislature

10

> has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. *See Keith*, [19]96-2075, p. 6, 630 So.2d at 183.

2016-0301, pp. 16-17 (La. App. 4 Cir. 4/20/16), 193 So.3d 244, 254. Significantly, this Court stated in *Blow* that "[t]he Direct Action Statute grants a *procedural* right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Id.* at p. 7, 193 So.3d at 249 (emphasis added) (citing *Green v. Auto Club Grp. Ins. Co.*, 2008-2868, p. 3 (La. 10/28/09), 24 So.3d 182, 184). *See also Soileau*, 2012-1711, p. 4, 144 So.3d at 775. This Court further explained in *Blow*:

> The [Direct Action] Statute "was enacted to give special rights to tort victims, not to insureds with contract claims against a defendant." *Cacamo v. Mut. Fire Ins. Co.*, 1999-3479, p. 3 (La. 6/30/00), 764 So.2d 41, 43. "In the absence of the Direct Action Statute, a plaintiff would have no right of action against an alleged tortfeasor's liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and plaintiff has no contractual relationship with the tortfeasor's insurer." *Green*, 2008-2868, p. 3, 24 So.3d at 184. Because it "provides the sole procedural right of action against the insurer in this case, the Direct Action Statute provides 'the rules regulating the subject' . . . .

*Id.* at p. 7, 193 So.3d at 249. In *Church Mutual Ins. Co. v. Dardar*, the Supreme Court explained that "procedural statutes . . . become operative only when and if the remedy they serve to facilitate is invoked." 2013-2351, p. 24 (La. 5/7/14), 145 So.3d 271, 287. Yet, "[i]f that remedy is invoked after the statute's enactment," then "the statute operates in the future regardless of the time of the events giving rise to the cause of action." *Id.*

For example, in *Baker*, the plaintiffs, who were the heirs of Alrick Baker ("Mr. Baker"), filed suit after Mr. Baker died in a motor vehicle accident on June 5, 2023. ___ F.Supp.3d at ___, 2024 WL 4345073, at *1. The plaintiffs initially

11

filed suit against Amazon; but, on July 31, 2024, the plaintiffs filed a motion for leave to amend their complaint to add Amazon's insurance companies as defendants. *Id.* Amazon opposed the motion for leave based on the amendment to La. R.S. 22:1269. *Id.* The United States District Court for the Eastern District of Louisiana ("Eastern District") explained that the plaintiffs had a procedural right to sue the insurer when the accident occurred on June 5, 2023, "which at that time may have been appropriately characterized as a mere expectancy of a future benefit and not absolute, complete, or unconditional, independent of a contingency." *Id.*, __ F.Supp.3d at __, 2024 WL 4345073, at *4. However, as the Eastern District further explained, "when [the] [p]laintiffs exercised that right by moving for leave to file an amended complaint adding [the] [i]nsurers as defendants in this case on July 31, 2024, [their] right to bring the direct action against the [i]nsurers became a vested property right that cannot be divested retroactively." *Id.*

Similarly, in *Smith*, the plaintiff filed a direct action against the tortfeasor and his insurer before the effective date of the amendment to the Direct Action Statute. ___ F.Supp.3d at ___, 2024 WL 4462332, at *1. The insurer argued that because the Direct Action Statute was procedural in nature, the amendment must be applied retroactively. *Id.*, ___ F.Supp.3d at ___, 2024 WL 4462332, at *2. Citing *Baker*, the district court determined the plaintiff obtained a vested right in the direct action against the insurer by filing suit before the effective date of the amendment. *Id.*, ___ F.Supp.3d at ___, 2024 WL 4462332, at *4.

In the matter *sub judice*, Ms. Hurel's substantive cause of action is against the tortfeasor, Mr. Bush, and/or his employer, Holton. Her substantive cause of action, a negligence claim, accrued upon fault, causation, and damages, and it became vested on the day of the accident, January 13, 2023. *See Austin v. Abney*

12

*Mills, Inc.*, 2001-1598, p. 15 (La. 9/4/02), 824 So.2d 1137, 1148. Nonetheless, Ms. Hurel's procedural right of action under the Direct Action Statute against NFMIC, the insurer of Holton and Mr. Bush, became operative only when, and if, the remedy served by the Direct Action Statute was invoked timely, i.e., before the amendment removed the procedural right of action against an insurer. That is, Ms. Hurel had until July 31, 2024, which was the day before the effective date of the amendments to the Direct Action Statute, to invoke the procedural right of action against NFMIC and to have that become a vested right, regardless of the fact that the substantive cause of action against Holton and Mr. Bush arose on January 13, 2023. Unlike the plaintiffs in *Baker* and *Smith*, Ms. Hurel did not timely invoke the procedural remedy prior to the effective date of the amendment eliminating the procedural right of action provided in the prior version of the Direct Action Statute. After August 1, 2024, when the amended version of the Direct Action Statute was effective, Ms. Hurel had no right or interest in a direct action against NFMIC. Because Ms. Hurel filed her Petition on October 1, 2024, months after the effective date of the amendment to the Direct Action Statute, she lacks a right of action against NFMIC. Accordingly, we grant NFMIC's Exception of No Right of Action.

Having found that the post-amendment version of La. R.S. 22:1269 applies to this matter, we also consider the merits of NFMIC's related Motion to Strike and Motion *in Limine*, in which NFMIC sought, respectively, to strike its name from the case caption and to prevent the disclosure of insurance coverage to the jury ultimately selected in this matter. As amended, La. R.S. 22:1269(B) provides:

> (4)(a) An insurer shall not be included in the caption of any
> action brought against the insurer pursuant to this Section. The action

shall instead be captioned only against the insured defendant or other noninsurance defendants.

(b) A court shall not disclose the existence of insurance coverage to the jury or mention such coverage in the jury's presence unless required by Code of Evidence Article 411.[2]

In light of the foregoing provisions, because Ms. Hurel does not have a right of action against NFMIC, NFMIC's Motion to Strike and Motion *in Limine* also have merit. Thus, we also grant NFMIC's Motion to Strike and Motion *in Limine*.

## Whether the Trial Court Erred in Denying Mr. Bush's Motion to Strike and Motion *in Limine* on the Basis of a Lack of Standing

With respect to Mr. Bush, the trial court denied his Exception of No Right of Action, Motion to Strike, and Motion *in Limine* on the basis of a lack of standing. In their writ application to this Court, Relators contend that Mr. Bush, as a party to the proceeding, has standing to request the trial court order NFMIC stricken from the caption based on La. R.S. 22:1269(B)(4)(a). They contend the purpose of the amendment to La. R.S. 22:1269 is to prevent jurors from awarding a plaintiff a higher damage award based on the presence of the insurer as a named defendant. In

---

[2] Louisiana Code of Evidence Article 411 states:

A. Although a policy of insurance may be admissible, the amount of coverage under the policy shall not be communicated to the jury unless the amount of coverage is a disputed issue which the jury will decide.

B. The existence of insurance coverage shall not be communicated to the jury unless any of the following apply:

(1) A factual dispute related to an issue of coverage is an issue which the jury will decide.

(2) The existence of insurance coverage would be admissible to attack the credibility of a witness pursuant to Article 607.

(3) The cause of action is brought against the insurer pursuant to R.S. 22:1892 or against the insurer alone pursuant to R.S. 22:1269(B)(1)(a) through (g).

C. The identity of the insurer shall not be communicated to the jury unless the identity of the insurer would be admissible to attack the credibility of a witness pursuant to Article 607.

her opposition filed with the trial court, Ms. Hurel argued that striking NFMIC would unduly prejudice her from receiving a fair resolution of her claims. Again, Ms. Hurel contended the pre-amendment version of La. R.S. 22:1269 allowed an insurer to be named as a defendant in the caption. Ms. Hurel further contended the inclusion of NFMIC "ensures clarity regarding the parties involved and the scope of coverage at issue." As resolved in the previous section, the Direct Action Statute and the amendment thereto speak to a procedural right of action, not a substantive cause of action. The amended version of the Direct Action Statute applies to suits filed after the effective date of the amendment, August 1, 2024. Thus, the amendment applies to Ms. Hurel's suit, which she commenced on October 1, 2024, when she filed her Petition. Accordingly, the amended version of La. R.S. 22:1269, with the provisions that prevent the insurer's inclusion in the case caption and the disclosure of the existence of insurance coverage to the jury, apply to this matter. The only remaining question is whether Mr. Bush was a party with standing to bring the Motion to Strike and Motion *in Limine*.

"Whether a motion to strike should be granted pursuant to Article 964 rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard." *Thurman v. Aguilar*, 2021-151, p. 7 (La. App. 1 Cir. 6/22/22), 343 So.3d 806, 813 (citing *Cole v. Cole*, 2018-0523 (La. App. 1 Cir. 9/21/18), 264 So.3d 537, 544). Though an appellate court ordinarily reviews a motion to strike for abuse of discretion, when, as here, the ruling on the motion to strike hinges on interpretation and application of a code article, the appellate court reviews the matter *de novo*. *225 Baronne Complex, LLC*, 2024-0401, p. 10, ___ So.3d ___ at, 2025 WL 354086, at *5 (citing *Commodore*, 2019-0127, p. 9, 275 So.3d at 465-66); *Crowther*, 2024-0625, p. 7, ___ So.3d at___, 2025 WL 354084, at *3 (citing

15

*Lepine*, 2022-0160, pp. 3-4, 350 So.3d at 991). As previously quoted regarding the interpretation of statutes and code articles, La. C.C. art. 9 instructs courts that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Regarding the motion to strike, La. C.C.P. art. 964 states, "The court on motion of *a party* . . . may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) By the clear and unambiguous language of La. C.C.P. art. 964, any party to the lawsuit, including Mr. Bush, possessed the right to file a Motion to Strike NFMIC from the caption of the lawsuit.

Moreover, in terms of whether Mr. Bush had standing to bring the Motion to Strike and related Motion *in Limine*, in *Reed v. 7631 Burthe St., L.L.C.*, this Court discussed standing and explained that "whether the party has standing depends on the specific statutory or constitutional claims the party presents and their relationship to those claims." 2017-0476, p. 8 (La. App. 4 Cir. 12/28/17), 234 So.3d 1201, 1206. More specifically, a "predicate requirement of standing is satisfied if it can be said that the [litigant] has an interest at stake in litigation which can be legally protected." *Id.* (quoting *In re Matter Under Investigation*, 2007-1853, p. 10 (La. 7/1/09), 15 So.3d 972, 981). As Relators assert, Mr. Bush, as a named defendant, has a sufficient interest at stake in the litigation. Relators contend some jurors are unrestrained in awarding damages against large, national insurance companies, such that this results in prejudice to Mr. Bush. Presumably, any award in favor of Ms. Hurel which is over the policy limits would be the responsibility of Mr. Bush and/or Holton. The possibility of a financial burden

16

provides Mr. Bush, a named party, with sufficient interest in the lawsuit to provide Mr. Bush standing to assert the Motion to Strike and the Motion *in Limine*. The trial court's denial of same was based upon an erroneous view of the law. Therefore, we find the trial court erred in denying the Motion to Strike and Motion *in Limine* on the basis of Mr. Bush's lack of standing. Further, as already discussed regarding NFMIC, we grant the merits of these pleadings on the basis of the plain language of La. R.S. 22:1269(B)(4)(a) and (b), which state, respectively, that "[a]n insurer shall not be included in the caption of any action brought against the insurer" and "[a] court shall not disclose the existence of insurance coverage to the jury or mention such coverage in the jury's presence."

### DECREE

For the foregoing reasons, we grant Relators' writ application and reverse the trial court's January 8, 2025 judgment, finding the trial court erred in ruling NFMIC's Exception of No Cause of Action, Motion to Strike, and Motion *in Limine* were premature and in ruling Mr. Bush lacked standing to bring the Motion to Strike and Motion *in Limine*. Further, on the merits, we render judgment and grant Relators' Exception of No Right of Action; Motion to Strike; and Motion *in Limine*.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**