Judgment rendered  May 20, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,751-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MOLLY MORGAN AND ROBERT        Plaintiffs-Respondents
MORGAN ON BEHALF OF THEIR
MINOR CHILD, ALLIE MORGAN


versus


SOUTHERN HOSPITALITY          Defendants -Applicants
SERVICES, LLC, ET AL

* * * * *

On Application for Writs from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 202517-62

Honorable Frederick Douglass Jones, Judge

* * * * *

PLAUCHE' MASELLI PARKERSON LLP        Counsel for Defendants-
By: Eric Winder Sella                 Applicants, Southern
    Sarah M. Town                     Hospitality Services, LLC,
                                      and Arch Insurance


BRUSCATO LAW FIRM                     Counsel for Plaintiffs-
By: John F. Bruscato                  Respondents
    E. Michael Mahaffey


TAYLOR, WELLONS, POLITZ &             Counsel for Defendant-
DUHE, LLC                             Respondent, MCRT 3
By: Paul J. Politz                    West Monroe Tenant, LLC
    Victoria A. Andry                 dba Hilton Garden Inn



* * * * *

Before PITMAN, MARCOTTE and ELLENDER, JJ.

**MARCOTTE, J.**

This case arises from the Fourth Judicial District Court, Parish of Ouachita, the Honorable Frederick D. Jones presiding. Relator, defendant Arch Insurance Company ("Arch"), seeks supervisory review of the trial court's overruling of its exception of no right of action and denying its motion to strike. The writ is granted, and the trial court's ruling is reversed. Arch's exception of no right of action is sustained, its motion to strike is granted, and plaintiffs' claims against the insurer are dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On May 14, 2025, Molly and Robert Morgan filed a petition for damages on behalf of themselves and their minor child, Allie Morgan, naming as defendants Southern Hospitality Services, L.L.C. dba Hilton Garden Inn, West Monroe, Louisiana, and its insurer, Arch. The Morgans claimed that on May 23, 2024, Allie encountered a straight edge razor at plaintiff's hotel, resulting in injuries. Plaintiffs claimed Arch was individually and jointly liable for their claims, and they included Arch in their prayer for relief. Plaintiffs filed a supplemental and amending petition for damages, adding a third defendant. The Morgans' claims against Arch remained.

On July 29, 2025, Arch filed a peremptory exception of no right of action and a motion to strike. Arch claimed that plaintiffs had no procedural right of action against it pursuant to Louisiana's amended Direct Action Statute, La. R.S. 22:1269. The insurer stated that the amendment to the Direct Action Statute went into effect on August 1, 2024, and provided that no direct action could be brought against an insurer except in certain limited

and inapplicable circumstances. Arch argued that plaintiffs' procedural right to sue an insurer only became operative if they invoked the remedy served by the Direct Action Statute before the amendment removing the procedural right went into effect. Arch concluded that, because the Morgans did not file suit until after the amendment went into effect, they did not have the procedural right to sue the insurer. Arch demanded to be dismissed from the suit and to have its name stricken from the caption and body of the pleadings.

Plaintiffs opposed the exception of no right of action and motion to strike arguing that the amendment to the Direct Action Statute could not be applied retroactively to bar their claims. The Morgans contended that the amendment was silent on retroactive or prospective application, and prospective application was the general rule under La. C.C. art. 6. They stated that the rights granted by the Direct Action Statute were substantive in nature and their cause of action accrued when the facts giving rise to the claim occurred, which was before the amendment went into effect. The Morgans argued that retroactive application of the law would impair their due process rights to their vested property right.

Following a hearing, the trial court overruled Arch's exception and denied its motion to strike. In its oral reasons, the court stated that it was unclear whether the Direct Action Statute applied retroactively, and the court preferred to err on the side of maintaining plaintiffs' rights, finding that their right to sue the insurer vested at the time of Allie's alleged injuries. On September 11, 2025, the court signed a judgment to that effect. Arch now seeks review.

**DISCUSSION**

In its assignment of error, Arch claims that the trial court erred in overruling its exception of no right of action, finding that, under the Louisiana Direct Action Statute, plaintiffs' right of action against the insurer vested at the time of the events giving rise to plaintiffs' claims rather than when they filed suit. Arch also asks this court to grant its motion to strike.

The exception of no right of action presents a question of law, and an appellate court reviews a trial court's ruling granting such an exception *de novo*. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211; *Succession of Mabray,* 56,102 (La. App. 2 Cir. 2/26/25), 408 So. 3d 1071. The exception of no right of action determines whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Nat'l Collegiate Student Loan Tr. 2005-1 v. Brown*, 55,971 (La. App. 2 Cir. 12/18/24), 401 So. 3d 998.

Prior to the amendment that became effective on August 1, 2024, La. R.S. 22:1269(B) stated that an "injured person ... shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and *in solido* ...." As amended, La. R.S. 22:1269(B) states that an "injured person ... shall have no right of direct action against the insurer unless" certain exceptions apply. None of the exceptions are applicable to the matter *sub judice*.

Thus, based on the plain language of the amended version of the statute, plaintiffs do not have a right of action against Arch under La. R.S. 22:1269(B) if the amendments to that statute apply retroactively. Therefore, we must determine whether the pre-amendment or amended version of La.

3

R.S. 22:1269 applies to this matter in which the underlying events giving rise to the claim occurred prior to the effective date of the amendments, yet suit was not filed until after that date.

Louisiana Civil Code Article 6 provides, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." The legislature did not state whether the subject amendments to the Direct Action Statute apply prospectively or retroactively. Therefore, we must consider whether the statute is substantive, procedural, or interpretive.

Substantive laws either establish new rules, rights, and duties or change existing ones. *Emp'rs Mut. Cas. Co. v. Lofton*, 55,630 (La. App. 2 Cir. 5/22/24), 386 So. 3d 1263. Interpretive laws do not create new rules but rather establish the meaning that the interpretive statute had from the time of its enactment. *Id*. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. *Id*.

In *Green v. Auto Club Grp. Ins. Co.*, 08-2868, p. 3 (La. 10/28/09), 24 So. 3d 182, 184, the Louisiana Supreme Court stated, "The Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *See also Couch v. Loya Ins. Co.*, 25-590 (La. App. 5 Cir. 1/22/26), 2026 WL 183364 (unreported); *Hurel v. Nat'l Fire & Marine Ins. Co.*, 25-0049 (La. App. 4 Cir. 3/11/25), 414 So. 3d 778. *Couch*, *supra*, and *Hurel*, *supra*, involved facts like those of the present case. In both, the events giving rise to the plaintiffs' claims occurred before the amendments to the Direct Action

4

Statute went into effect, but the plaintiffs filed suit after August 1, 2024, the effective date of the amendments. Those courts declared that the Direct Action Statute created a procedural right to sue insurers, and the amendments to the statute applied retroactively. The courts concluded that, because the plaintiffs did not file suit until after August 1, 2024, they had no right to sue the respective insurers.

We agree with our sister courts that the subject amendments to the Direct Action Statute apply retroactively to the Morgans' claims, even though their right to sue the tortfeasors arose before the amendments went into effect on August 1, 2024. Plaintiffs did not file their suit until May 14, 2025. They do not have a right of action against Arch in this matter; therefore, we reverse the trial court and sustain Arch's exception of no right of action. Because the Morgans do not have a right of action against Arch, we also grant its motion to strike its name from the case caption and pleadings, in accordance with La. R.S. 22:1269(B)(4)(a) and (b).[1]

## CONCLUSION

For the foregoing reasons, the writ filed by relator Arch Insurance Company is granted, and the judgment of the trial court is reversed. Relator's exception of no right of action is sustained, and its motion to strike is granted. Plaintiffs' claims against Arch Insurance Company are dismissed

---

[1] La. R.S. 22:1269(B)(4)(a) and (b) states:

> (4)(a) An insurer shall not be included in the caption of any action brought against the insurer pursuant to this Section. The action shall instead be captioned only against the insured defendant or other noninsurance defendants.

> (b) A court shall not disclose the existence of insurance coverage to the jury or mention such coverage in the jury's presence unless required by Code of Evidence Article 411.

5

with prejudice, and we instruct the Clerk of Court to remove "Arch Insurance Company" from the case caption and pleadings.  Costs are assessed to respondents.

**WRIT GRANTED.  JUDGMENT REVERSED AND RENDERED.**